IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John S. Stritzinger; Greenville Associates; Capital Technology Services,<br><br>      Plaintiffs,<br><br>v.<br><br>Federal Communications Commission; United States Government, *U.S. Attorney's Office*; Verizon; Cisco Systems,<br>      Defendants. | C/A No. 3:16-1136-TLW-PJG<br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff John S. Stritzinger,[1] a self-represented litigant, brings this civil action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint and the motions in accordance with applicable law, the court concludes the Complaint should be summarily dismissed without prejudice and without issuance and service of process, and Plaintiff Stritzinger's motions should be terminated.

**I. Procedural Background**

Plaintiff Stritzinger filed this action on April 11, 2016. (ECF No. 1.) On May 6, 2016, the court issued an order directing Plaintiff Stritzinger to bring the case into proper form by filing the necessary service documents, and by either paying the filing fee or moving to proceed *in forma pauperis*. (ECF No. 8.) The order warned Plaintiff that his failure to comply with the order within

---

[1] Plaintiff Greenville Associates and Plaintiff Capital Technology Services were named in the Complaint filed by Plaintiff Stritzinger but they have not signed any pleading as required by the applicable rules and Stritzinger, who is not a licensed attorney, cannot represent them in this action. By order dated May 6, 2012, the court warned the parties that *pro se* litigants cannot represent legal entities, and Greenville Associates and Capital Technology Services were required to obtain counsel within thirty days of the order if they wished to proceed in this case. (ECF No. 8.)



the time permitted would subject his case to dismissal for failure to prosecute and for failure to comply with an order of the court under Rule 41 of the Federal Rules of Civil Procedure. (Id. at 1.) Plaintiff Stritzinger responded to the order by filing multiple motions that did not cure the defects in his original filing. (ECF Nos. 10, 16-18.) At this time, Plaintiff Stritzinger's case is still not in proper form for service of process because he has failed to pay the filing fee, provide the documents necessary to proceed *in forma pauperis,* or file all of the service documents required by the court's proper form order.

**II.     Discussion**

    **A.     Failure to prosecute or comply with an order of this court**

As indicated above, Plaintiff Stritzinger failed to fully comply the court's order and failed to provide the necessary information and paperwork to accomplish review and possible service of process under 28 U.S.C. § 1915. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). As well as inherent authority, a court may *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). Id. at 630. The United States Court of Appeals for the Fourth Circuit has held that, in deciding whether to dismiss a case under Rule 41(b), a court should "ascertain (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (internal quotation marks and citation omitted).



In the instant action, Plaintiff Stritzinger is proceeding *pro se*; therefore, he is solely responsible for his refusal to comply with the court's orders.  See Craft v. Astrue, No.1:10CV9, 2012 WL 6569021, at *2 (M.D.N.C. Dec. 17, 2012) (finding, pursuant to the standard set forth in Chandler Leasing, "Plaintiff has proceeded *pro se* from the outset, thus she has demonstrated that she is capable of filing pleadings and papers and she alone bears the responsibility for her failure to prosecute her case.").  The court warned Plaintiff Stritzinger that failure to comply with the court's order could result in the dismissal of his case.  Rather than comply with the court's instructions to bring his case into proper form, Plaintiff Stritzinger filed several motions that do not address the deficiencies in his original filing as the court instructed.  Considering Plaintiff Stritzinger's proclivity for refusing to comply with orders of the court and filing superfluous motions, the court finds he has established a reputation for deliberately proceeding in a dilatory fashion.[2]  See Chandler Leasing, 669 F.2d at 920; see also Zaczek v. Fauquier Cty., Va., 764 F.Supp. 1071, 1079 (E.D. Va. 1991) (finding the plaintiff's filing of repetitive motions and objections constituted an abuse of the judicial process that justified dismissal under Rule 41(b)).  Finally, because Plaintiff Stritzinger failed to fully comply with an order of this court after being warned that

---

[2] Since 2014, Plaintiff Stritzinger has filed twenty-four separate actions in this court, including this action.  As of the date of this order, four of the actions were motions that were unaffiliated with any case and all were denied; he voluntarily dismissed four cases; five were summarily dismissed by the court for his failure to state a claim upon which relief can be granted; three were dismissed for failure to prosecute; one action has a pending Report and Recommendation that recommends dismissing the action for failure to state a claim upon which relief can be granted; a Report and Recommendation has been issued in seven other cases (including this case) recommending summary dismissal for failure to prosecute and failure to comply with an order of the court; and in the twenty-fourth action, which was recently filed, the court has had to issue an order instructing him to bring the case into proper form for initial review under 28 U.S.C. § 1915.  In many of these cases, after being warned in a proper form order that the action may be dismissed for failing to comply with an order of the court, Plaintiff Stritzinger filed numerous motions and superfluous filings that failed to address the court's directives.

Page 3 of  7



his failure to comply would result in dismissal, it does not appear that any sanction less drastic than dismissal is available.  See Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (finding the magistrate judge's explicit warning that a recommendation of dismissal would result from the plaintiff's failure to obey his order gave the district court little alternative to dismissal because any other course would have placed the credibility of the court in doubt and invited abuse).  Therefore, this case should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Ballard, 882 F.2d at 95 (finding that dismissal of a suit did not constitute abuse of discretion where the plaintiff "failed to respond to a specific directive from the court").  Moreover, because the case is recommended for summary dismissal prior to service of process, it is also recommended that the case be dismissed without prejudice.

    **B.**    **Other Plaintiffs**

Plaintiff Greenville Associates and Plaintiff Capital Technology Services were named in the Complaint filed by Plaintiff Stritzinger but have not yet appeared.  *Pro se* litigants cannot represent legal entities.  See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[T]he competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others."); see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Coun., 506 U.S. 194, 202 (1993) (recognizing that the rationale for the rule that a corporation may appear in the federal courts only through licensed counsel applies equally to all artificial entities and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"); Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007) (holding that "a layperson may not represent a separate legal entity such as a corporation" and extending this to partnerships, single shareholder corporations, and limited liability companies, as well as to



shareholders who file derivative suits); Pridgen v. Andresen, 113 F.3d 391, 392-393 (2nd Cir. 1997) (*pro se* litigant may not represent corporation, estate, partnership, or "his or her minor child").

The parties were warned in an order dated May 6, 2016 that Greenville Associates and Capital Technology Services had to appear with counsel in order to proceed in this case. (ECF No. 8.) The order provided the plaintiffs with thirty days to obtain counsel and appear. As more than thirty days have passed since the date of that order, and the plaintiffs have not yet appeared, the court finds that they should be dismissed as plaintiffs in this case.

### C.     Warning to Plaintiff Stritzinger

Plaintiff Stritzinger is cautioned that if he continues to file frivolous actions without prepaying the filing fee or otherwise complying with the court's orders, this court may enter a pre-filing injunction with respect to cases filed by Plaintiff that are repetitive in their factual allegations and legal claims. See Graham v. Riddle, 554 F.2d 133, 134-35(4th Cir. 1977); see also Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817-18 (4th Cir. 2004) (providing courts may limit a litigant's access to the court for exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions); In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992) ("[T]his Court expressly upheld a pre-filing review system that denied *in forma pauperis* status to a frequent filer of frivolous complaints except upon good cause shown.").

### III. Conclusion

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and that Plaintiff Stritzinger's motions be terminated as moot. (ECF Nos. 2, 10, 16-18.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 13, 2016
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).